**FILED**
**MARCH 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1551**

| | |
|---|---|
| EBONI WINSLEY, and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HUDSON NEWS COMPANY, | ) ) ) |
| Defendant. | ) |

**JUDGE DARRAH**
**MAGISTRATE JUDGE ASHMAN**

## COMPLAINT

Plaintiff, EBONI WINSLEY (hereinafter "Winsley"), on behalf of herself and all other Plaintiffs similarly situated known and unknown, by and through her attorneys, CAFFARELLI & SIEGEL LTD., for her Complaint at Law, complain against Defendant HUDSON NEWS COMPANY (hereinafter "Hudson" or the "Company") as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly situated employees for all time worked and for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime for all hours worked in excess of forty (40) per workweek.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. Venue is proper in this judicial district as the facts and events giving rise to the named Plaintiff's claims occurred in this judicial district, and the named Plaintiff is a resident of this district.

## PARTIES

3. The named Plaintiff resides in and is domiciled within this judicial district.

4. Plaintiff Eboni Winsley is a former employee of Defendant.

5. Defendant Hudson News Company is a New Jersey corporation doing business in Illinois. It is engaged in the retail business and employs over one thousand employees nation-wide.

## FACTUAL ALLEGATIONS

6. Plaintiff Eboni Winsley was employed by Defendant beginning in or about September 2006 through in or about July 2007 as a cashier.

7. Plaintiff worked in excess of forty (40) hours per week throughout her employment with Defendant.

8. Defendant had a policy and practice of automatically deducting one hour per day from the paychecks of Plaintiff and all members of the Plaintiff class, known and unknown, as a purported lunch break.

9. Plaintiff and all other members of the Plaintiff class, known and unknown, were regularly required to perform work during this unpaid hour, such as assisting customers, working the register, and other typical tasks.

10. Even when Plaintiff and all other members of the Plaintiff class, known and unknown, did take breaks, these uncompensated breaks were shorter than the amount of time deducted, and/or were not "bona fide meal periods" since Plaintiff and all other members of the Plaintiff Class, known and unknown, were not completely relieved from duty during that period each day.

11. As a result of Defendant's actions in this regard, Plaintiff and all other members of the Plaintiff class, known and unknown, were not paid one and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek, commonly known as "overtime."

12. Defendant employed, and still employs, other employees who performed the same job duties and responsibilities as Plaintiff.

13. Plaintiffs and all other members of the Plaintiff Class, known and unknown, routinely were directed by Defendants to work in excess of forty (40) hours per week while in Defendants' employ, and were not paid overtime for all hours worked in excess of forty (40) hours per week.

14. During all relevant times, Defendant has further failed and refused to compensate Plaintiff and all other members of the Plaintiff Class, known and unknown, for hours they worked by routinely subtracting time for an uncompensated lunch break out of the work day of each employee. However, these uncompensated lunch breaks were not "bona fide meal periods" since Plaintiff and all other members of the Plaintiff Class, known and unknown, were not completely relieved from duty during that one hour period each day.

## COUNT I
## FAIR LABOR STANDARDS ACT

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201 et seq. and 29 U.S.C. §251 et seq. Plaintiff Winsley attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

17.     All past and present hourly employees of Defendant are similarly situated to the named Plaintiff in that Defendant has applied the compensation policies, which violate the FLSA, on a company-wide basis. All past and present hourly employees, including Plaintiff Winsley, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

18.     For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

19.     In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back compensation.

20.     At all relevant times, Plaintiff Winsley and all other members of the Plaintiff Class, known and unknown, were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendant was an "employer" subject to the FLSA.

21.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff Winsley and all other members of the Plaintiff Class, known and unknown, worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

22.     Defendant's failure to pay compensation at the rate of one and one-half the regular rate of pay for all hours worked over forty (40) in a work week is a willful violation of

the FLSA, since Defendant's conduct shows that it either knew that their conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

WHEREFORE, Plaintiff WINSLEY, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

- A. A judgment in the amount of back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;
- B. Prejudgment interest with respect to the amount of unpaid overtime compensation;
- C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 260;
- D. Reasonable attorneys' fees and costs incurred in filing this action; and
- E. Such other and further relief as the Court deems appropriate and just.

Dated: March 17, 2008

Respectfully submitted,

Alejandro Caffarelli #06239078
Jessica Fayerman #6286140
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, Illinois 60601
Telephone: (312) 540-1230
Facsimile: (312) 540-1231

One of the Attorneys for the Plaintiffs