UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EBONI WINSLEY, and all other Plaintiffs similarly situated, known and unknown,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HUDSON NEWS COMPANY,<br><br>　　　　　　　　　　　　Defendant. | 08-C-1551<br><br>**DEFENDANT'S ANSWER** |

　　　Defendant, Hudson News Company ("Defendant"), by its attorneys, Proskauer Rose LLP, answers the Complaint in the above-captioned matter as follows:

### AS TO "NATURE OF ACTION"

　　1. Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring a lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### AS TO "JURISDICTION AND VENUE"

　　2. Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits the Court has jurisdiction over this matter, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to Plaintiff's residence.

### AS TO THE "PARTIES"

　　3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint.

　　4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Admits the allegations contained in Paragraph 5 of the Complaint, and avers that among other businesses, Defendant is engaged in the retail business.

## AS TO "FACTUAL ALLEGATIONS"

6. Denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint, except avers that Defendant employed and employs other employees who held or hold the same title as Plaintiff.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint.

## AS TO "COUNT I - FAIR LABOR STANDARDS ACT"

15. Defendant repeats and realleges its answers to Paragraphs 1-14 above as if set forth in full in response to Paragraph 15 of the Complaint.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 16 of the Complaint, except admits Plaintiff attaches to the Complaint a "Notice of Consent to Become

a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act," purportedly signed by Plaintiff.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 20 of the Complaint, except admits Plaintiff was a non-exempt employee under the FLSA and Defendant is an "employer" under the FLSA.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 21 of the Complaint, except admits Plaintiff was entitled to be compensated at a rate one and one half times her normal hourly rate for time work in excess of forty hours per week.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the purported FLSA collective action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and

reasonable belief that it had complied fully with the FLSA wage and hour laws.  Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendant has not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA.  By reason of the foregoing, Plaintiff and/or any putative member of the purported FLSA collective action are not entitled to liquidated damages.  Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiffs' clams, and those of the alleged class of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff is an inadequate representative of the alleged class of persons which she purports to represent, the existence of which is expressly denied.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. Plaintiffs' monetary claims, and the claims of the putative members of the purported FLSA collective action and defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. The types of claims alleged by the named Plaintiff of the purported FLSA collective action defined in the Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a collective action pursuant to Section 216(b) of the FLSA.

WHEREFORE, Defendant respectfully prays that the Court:

a. deny Plaintiff's request this matter proceed in a collective or class action;

b. dismiss Plaintiff's Complaint in its entirety, with prejudice;

c. deny each demand and prayer for relief;

d. award Defendant's costs and reasonable attorneys' fees; and

e. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 6, 2008  
      Chicago, Illinois

PROSKAUER ROSE LLP

By: /s/ Paul L. Langer
Paul L. Langer
Marc E. Rosenthal
222 South Riverside Plaza, 29th Floor
Chicago, IL 60606-5808
(312) 962-3520

and

PROSKAUER ROSE LLP

1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Record:
Gregory I. Rasin*

5

Steven D. Hurd*

ATTORNEYS FOR DEFENDANT
*admitted *pro hac vice*

7737/35619-005 Current/10967701v1