**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EBONI WINSLEY, and all other Plaintiffs similarly situated, known and unknown, | ) ) ) | |
| | ) | No. 08 C 1551 |
| Plaintiffs, | ) ) | |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| HUDSON NEWS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**NOTICE OF REPORT OF PARTIES' PLANNING MEETING**</u>

**PLEASE TAKE NOTICE** that on May 14, 2008, there was filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, the Report of Parties' Planning Meeting, copies of which are attached and hereby served upon you.

Respectfully submitted,

/s/ Alejandro Caffarelli
Attorney for Plaintiff

Alejandro Caffarelli, #06239078
Jessica J. Fayerman, #06286140
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson Ave., Suite 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231
www.caffarelli.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EBONI WINSLEY, and all other Plaintiffs similarly situated, known and unknown, | ) ) ) | |
| | ) | No. 08 C 1551 |
| Plaintiffs, | ) ) | |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| HUDSON NEWS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Fed. R. Civ. P. 26(f), a telephone conference meeting was held on May 12, 2008, and was attended by:

      a.      Alejandro Caffarelli for Plaintiff.

      b.      Gregory Rasin and Steven Hurd for Defendant.

2.      Description of Claims.

      a.      Plaintiffs' Claims.  This lawsuit arises under the Fair Labor Standards Act, for Defendant's alleged failure to pay Plaintiff and all other Plaintiffs similarly situated for all wages due and owing.  Plaintiff, a cashier at one of Defendant's locations in Midway Airport, alleges that Defendant automatically deducted one hour from her paychecks every day for an uncompensated lunch break.  Plaintiff further alleges that she was not completely relieved of duty during these breaks and that she was frequently required to perform work.  Plaintiff further alleges that Defendant applied such a policy in all of its locations throughout the country and therefore seeks to bring this matter as an "opt-in" collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA").

      b.      Defendant's Defenses. Defendant contends that: (1) only a half-hour was automatically deducted from Plaintiff's paycheck every day, although she was provided with a full hour's break (she was paid for the second half hour of break); (2) Plaintiff was not required to perform work during her break; (3) on the rare occasions Plaintiff worked during her break, the half hour automatic deduction was cancelled and Plaintiff was paid for her time, including overtime when appropriate; (4) Defendant had and has no

7492/35880-002 Current/11178945v2

policy requiring its Sales Associates to work during unpaid breaks at any of its locations; and (5) any alleged experience Plaintiff had working during unpaid breaks was unique to her and does not warrant an "opt-in" collective action of any kind, as Plaintiff is not similarly situated in that regard to any other Sales Associates at Midway Airport or at any other location owned by Defendant.

3.      Prospects of Settlement.

      a.      The parties believe that an assessment of the prospects for settlement are premature before a determination is made whether this matter is appropriate as a collective action and, if so, the scope of a potential collective action and the identities of all potential plaintiffs in the case becomes known and before discovery has taken place concerning the potential damages of all such potential plaintiffs.

4.      Pre-Discovery Disclosures.  The parties will exchange their pre-discovery disclosures pursuant to Fed. R. Civ. P. 26(a) within thirty (30) days after a determination that this case should not proceed as a collective action under the FLSA, or that a collective action should proceed and the 29 U.S.C. § 216(b) opt-in period closes, whichever occurs.

5.      Discovery Plan.  The parties jointly propose to the court the following discovery plan:

      a.      Discovery will initially be required concerning the Defendant's corporate structure as well as the extent to which other employees are "similarly situated" to the named Plaintiff for purposes of determining whether an FLSA collective action is appropriate and, if so, the proper scope of such an action and the appropriate opt-in notice to be sent pursuant to 29 U.S.C. § 216(b).  This discovery is to be completed by August 15, 2008.

      b.      Discovery will ultimately be needed on any areas relevant to the allegations in Plaintiff's Complaint and Defendant's Answer to Plaintiff's Complaint.  The final discovery cut-off will be determined after a determination is made whether this case cannot proceed as a collective action, or, if a collective action is appropriate, after the opt-in period has closed based on the scope of the collective action and how many employees opt into the collective action.

      c.      Discovery will be governed by the Federal Rules of Civil Procedure.

            i.      The parties have not determined whether they will retain expert witnesses.

7492/35880-002 Current/11178945v2

6.    Pretrial/Trial Plan.

    a.    The due date for Final Pretrial Order (in the form required by Local Rule 16.1(a)) will be determined after the appropriate scope of this matter is determined.

    b.    The trial date and the probable length of trial will be determined after the appropriate scope of this matter is determined.

7.    Magistrate Judge Consent.  The parties are not willing to execute a consent to have all proceedings, including trial and entry of final judgment take place before a magistrate judge.

8.    Other Matters.

    a.    Following the close of the initial round of discovery enumerated in Paragraph 5(a) above, Plaintiff shall have 21 days to submit a Motion to Send Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b). Defendant shall have 21 days thereafter to file a response to Plaintiff's motion.  Plaintiff shall have 7 days thereafter to file a reply.

    b.    The service of all documents may be accomplished by e-mail.  For Plaintiff, all documents shall be served upon Alejandro Caffarelli, with a copy sent to Jessica Fayerman.  For Defendant, all documents shall be served upon Gregory Rasin and Steven Hurd, with a copy sent to Paul Langer.

    c.    All documents are to be delivered to the opposing counsel on their due dates or extended due dates; the parties reserve the right to seek reimbursement of expenses incurred in delivering documents consistent with the Federal Rules.  The producing party will advise the other party of duplication costs or delivery charges one week in advance of due dates or extended due dates.

4

Date: May 14, 2008

**FOR PLAINTIFF**

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601
Tel. (312) 540-1230


**FOR DEFENDANT**

/s/    Gregory I. Rasin
Gregory I. Rasin
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
Tel. (212) 969-3940

7492/35880-002 Current/11178945v2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused a copy of the attached document, Report of Parties' Planning Meeting, to be served upon the party below via electronic mail on May 14, 2008.

Gregory I. Rasin
Steven D. Hurd
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
e-mail: grasin@proskauer.com
e-mail: shurd@proskauer.com

Paul L. Langer
71 S. Wacker Dr.
Chicago, IL 60606-4637
e-mail: planger@proskauer.com

Courtesy copies delivered to the chambers of Judge Darrah within 24 hours via hand delivery.

   /s/  Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601

7492/35880-002 Current/11178945v2